McKinney, J.,
delivered the opinion of the Court.
This bill was brought for the recovery of a number of slaves. The only question necessary to be considered is in respect to the application of the statute of limitations. The Chancellor decreed for the complainants, and the case is brought to this Court by appeal.
The facts are these: On the Bd of February, 1831, William Gillum, the maternal grandfather of the complainants, executed the following deed of gift: “ Know all men by these presents, that I, William Gillum, of the county of Hanover,” (State of Virginia,) “hath this day given to my daughter Jane R. Seay’s children one negro *101 girl named Dinah, a slave. The right and title of the said slave unto the said Jane R. Seay’s children, their executors, etc., I will for ever defend,” etc.
Jane R. Seay, the daughter of Gillum, and mother of the complainants, was at the time of the above gift a married woman, wife of William H. Seay. The slave Dinah was delivered into the possession of Seay and wife, together with the deed of gift. Shortly after the gift, Seay and wife removed to Tennessee, and brought with them the girl Dinah, then some thirteen years of age. And on the 2d of June, 1832, Seay and wife, by a joint bill of sale in the usual form, conveyed- the slave Dinah to the defendants’ intestate, William Jackson, for the consideration of four hundred dollars. The deed of gift for the slave, from Gillum to the complainants, had not been proved or registered, either in Yirginia or Tennessee; but the proof establishes that Jackson had full notice of its existence at the time of his purchase, and full knowledge of its provisions.
At the date of said deed of gift, Seay and wife had five children living, the eldest of whom was then about twelve, and the youngest two years of age: three’ other children were born afterwards. And all of said children are complainants in the present bill.
This bill was filed on the 9th of Eebruary, 1852, more than twenty-one years after the execution of the deed of gift.
In the interval between the gift and the filing of this bill, the slave Dinah gave birth to six children, who, together with Dinah, are sought to be recovered by the bill.
It is conceded that the five children of Jane R. Seay *102 wbo were in being at tbe date of the gift, were at the time of its execution all minors; and that the present bill was filed within three years after the youngest of said five children had attained his majority. It is likewise conceded that several of the children of Dinah, who are sought to be recovered, were born after the eldest of the complainants had attained the age of twenty-one years, and was free from all disability to sue.
Upon these facts, it is admitted in the argument that, upon the construction of the statute adopted in Shute vs. Wade, 5 Yerg., 1 — that where several are entitled to a joint action, and all are under disability at the time the right of action accrues, the statute will not begin to run until the disability is removed as to all — the complainants are entitled to recover Dinah, and such of her children as were born before the eldest of the complainants attained the age of twenty-one years; but that, upon the converse of the rule above laid down — namely, if any one of the several persons entitled to a joint action be free from disability when the right of action accrues, the statute will run against all — the complainants are barred of a recovery as to all of the children of Dinah born after the eldest of the complainants attained majority.
The argument in support of this position is ingenious: it distinguishes between the condition of the mother and her issue. The child, it is said, is, in law and in fact, a separate, distinct, individual being; that, as such, it is capable of a separate dominion, property, and possession, and the title and possession may be transferred in any of the various modes provided for the transfer of other personal chattels. That it is a thing, in and of itself, susceptible of an exclusive and adverse ownership and *103 possession. That the source whence or the manner in which the title is derived, is of no importance in view of the statute of limitations — the application of the statute depending alone upon the fact of adverse possession, regardless of the title. That upon the birth of the child, the title of the mother attaches to the child, and the owner of the former instantly becomes invested with a perfect title to the latter, in virtue of which he may dispose of it, separately, in any method known to the law; and, if adversely held, it may be sued for, separate from the mother, in any form of action adapted to the recovery of other specific chattels. Consequently, it is argued, when the mother is wrongfully held by another, at the birth of the child, a right of action accrues to the owner to bring a separate suit, at his election, for the recovery of the child alone, and a successive action for each child subsequently born. And hence the conclusion is deduced, that the statute attaches at the instant of the birth of each child.
This reasoning, however plausible, is contrary to the course of professional and judicial opinion in this State. By our law, the issue of a female slave follows the condition of the mother. The children are part of the mother, and, potentially, exist in her before they have a being. The ownership of the mother carries with it the property in the children born of her during the period of such ownership. The mother and her issue are treated, in respect of the title and rights of the owner, as an aggregate property. Whatever affects the rights or remedies of the owner as respects the mother, equally affects his rights and remedies in respect to her issue.
It is certainly true, in law as in fact, that this unity *104 of interest and of possession is capable of being severed, either by the voluntary act of the owner, or the tortious act of another, or by act of law; and upon this being done, distinct and opposing rights may spring up. But until such severance is actually effected, the statute of limitations cannot operate upon part of the aggregate property, and be inoperative as to the remaining part. If the right of the owner is saved for a definite period as to the mother, it is saved likewise as to the issue born of her during such period.
The argument for the defendants rests mainly, as we suppose, upon a mistaken assumption, namely, that a separate right of action accrues to the owner for the recovery of each child at the moment of its birth. If the mother and her issue, as has been already assumed, constitute an aggregate mass, then the cause of action is entire; and being so, it cannot, upon principle, be split into several actions. The consequence would perhaps be, that, if a part were recovered in a separate action, the judgment would be a bar to another action for that part of the property not sued for: in the first action.
Decree affirmed.